# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNER M. WHITE : CIVIL ACTION
:
v. : NO. 09-3072
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                    FEBRUARY, 1 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response, and the reply thereto (Doc. Nos. 11 & 12), the court makes the following findings and conclusions:

1. On August 1, 2006, Dianner M. White ("White") filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of October 1, 2004. (Tr. 94-98). Throughout the administrative process, including an administrative hearing held on October 31, 2007 before an ALJ, White's claims were denied. (Tr. 10-21; 22-44; 46-49). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), White filed her complaint in this court on July 17, 2009. (Tr. 1-4; Doc. No. 3).

2. In her December 27, 2007 decision, the ALJ concluded, *inter alia*, that: (1) White had severe degenerative joint disease of the knees, bilaterally; degenerative disc disease of the lumbar spine; DeQuervain tenosynovitis of the left wrist; and depression; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform unskilled light work with no more than occasional use of her non-dominant upper extremity for carrying or pushing or pulling; (4) there were jobs that existed in significant numbers in the national economy that White could perform; and (5) she was not disabled. (Tr. 10 ¶ 6; 12 Finding 3; 13 Finding 4; 16 Finding 5; 20 Finding 10; 21 Finding 11; 21 ¶ 2).[1]

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. White raises three arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. First, White contends that the ALJ erred by failing to perform a step two severity analysis regarding her right hip pain. For two reasons, I conclude that, at worst, the ALJ's omission resulted in harmless error. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to issue a remand when it would not affect the outcome of the case).
    Although not expressly considered in her step two analysis, the ALJ recognized White's hip pain and discussed it during the hearing and in her decision. (Tr. 17 ¶ 6; 18 ¶ 1; 29-30; 34). Specifically, the ALJ noted in her decision that after reporting the hip pain to her doctor, an evaluation showed full range of motion with minimal pain and negative straight leg raising test results. (Tr. 17 ¶ 6; 138). The ALJ also noted, *inter alia,* that MRI's of White's hip revealed no evidence of any tears, fractures of osteonecrosis. (Tr. 18 ¶ 1; 172-73; 174-75). In fact, the hip-related objective medical records demonstrate mild pain, negative lab studies, and mostly normal findings. E.g. (Tr. 138; 172-73; 174-75; 183; 231-32; 233; 242; 292). Thus, it is clear that the ALJ considered White's alleged hip impairment and did not dismiss it, even though she omitted it from her step two severity discussion.
    Moreover, White's physician was not able to specifically confirm the cause of White's hip pain and opined that it was likely related to her back impairment, which the ALJ did explicitly find severe at step two. (Tr. 12 Finding 3; 137). I conclude that the ALJ did sufficiently consider White's alleged hip pain on its own and in conjunction with her knee and back impairments and a remand for a specific step two determination regarding White's alleged hip impairment would not change the outcome of the case. Therefore, a remand on this ground is not warrented.

    B. Second, White argues that the ALJ failed to give her testimony the weight it deserved. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).
    The ALJ based her credibility determination largely on two premises: (1) that the overwhelmingly mild medical findings and successful knee surgeries did not support the amount of pain and limitation alleged by White; and (2) that her testimony, *inter alia*, that she could walk for less than one block and could not walk through a grocery store unless she used a cart for support was in direct conflict with evidence that she was speed-walking

and walking two miles a day as late as 2007. (Tr. 13 ¶ 3; 17 ¶ 4 - 18 ¶ 2; 18 ¶¶ 5-6). When this discrepancy was brought to White's attention at the hearing, she testified that she had not engaged in the walking activities any later than 2004. (Tr. 37-38). However, two of her physician's indicated that she injured her hip in 2006 or 2007 while engaging in these activities. (Tr. 138; 231-32). It would not at all be unreasonable for the ALJ to rely on the notes of two disinterested physicians rather than on White's testimony. Moreover, the ALJ's conclusion that the medical records did not fully support White's allegations was supported by substantial evidence since the records overwhelmingly show, *inter alia*, excellent recovery after knee surgeries, full range of motion in the affected joints, normal gait and station, full strength, mostly mild findings and normal test results, and mild pain. E.g. (Tr. 137; 138; 142-50; 153-54; 158; 160; 164-69; 171; 176; 181-82; 183; 231-32; 233; 242; 265; 269-70; 278; 283-85; 292-93). As a result, White's contention regarding the ALJ's credibility assessment must fail.

    C. Third, White claims that the ALJ's RFC assessment and hypothetical question to the VE were flawed because they did not contain all of her limitations such as her alleged limitations in standing, walking, sitting, bending, squatting, using stairs, and using her left arm. As indicated above, the medical evidence establishes that White had full range of motion in her affected joints, normal gait and station, full strength, and shows her reporting mild pain. (Tr. 137; 138; 142-50; 153-54; 158; 160; 171; 176; 181-82; 183; 231-32; 233; 242; 265; 269-70; 278; 283-85; 292-93). It was reasonable for the ALJ to rely on such objective findings in determining White's RFC. As discussed previously, it was also reasonable for the ALJ to discount the weight of White's subjective complaints regarding, *inter alia*, these limitations. As a result, I conclude that the ALJ's RFC assessment is supported by substantial evidence and White's claim to the contrary fails.[2]

    5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that White was not disabled was legally sufficient and supported by substantial evidence. As a result, White's request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.

---

[2] White also contends that the ALJ erroneously concluded that no treating or examining doctor indicated that she was "so disabled as to be unable to perform all work related activities." (Tr. 18 ¶ 5). White supports this contention by citing to July 2007 opinion from one of her physicians that she was disabled "at least for the coming six months" and that further evaluation would follow. (Tr. 18 ¶ 5; 234). This opinion does not meet the definition of disability set forth by the Social Security Administration. 42 U.S.C. §423(d). Thus, the ALJ was correct.